UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAUL WILLIAM LEWIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:19-CV-411-DCLC-DCP |
| STATE OF TENNESSEE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner, a pro se litigant, has filed a motion for relief under Rule 60(d)(1) of the Federal Rules of Civil Procedure from judgments and sentences imposed against him by the Criminal Court of Scott County, Tennessee [Doc. 2], that the Court has liberally construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as time-barred [Doc. 8] and a memorandum in support thereof [Doc. 9], as well as the state court record [Docs. 7, 7-1, and 7-2].

Petitioner filed a response in opposition to Respondent's motion [Doc. 11], as well as two motions to amend and/or supplement his petition [Docs. 10 and 12]. In these filings, Petitioner insists that he seeks relief from the state criminal court judgments against him under Rule 60(d)(1) of the Federal Rules of Civil Procedure, rather than § 2254, and that his claims therefore are not time-barred [Docs. 10, 11, and 12]. Petitioner also seeks to bring additional claims in his motions to amend [Docs. 10 and 12].

Regardless of how Petitioner seeks to frame the claims he sought to bring in this action in his original filing [Doc. 2], however, they fall under § 2254, as he seeks to attack state court criminal judgments against him. *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006)

(holding that "all petitions seeking relief from state court convictions" fall under § 2254). Accordingly, for the reasons set forth below, Petitioner's motions to amend his petition [Docs. 10 and 12] will be **DENIED**, this action will be **DISMISSED** because the record establishes that Petitioner has not exhausted his state court remedies for his claims, and Respondent's motion to dismiss the petition as time-barred[1] [Doc. 8] will be **DENIED as moot**.

I. MOTIONS TO AMEND

A. Allegations

In his first motion to amend [Doc. 10], Petitioner states that he has brought his claims under Rule 60(d)(1) [*Id.* at 1–2]. Petitioner then incorporates a bar complaint/affidavit he filed regarding his Scott County criminal case [*Id.* at 2]. In this document, Petitioner states that in 2018, after he filed a motion to waive the orders imposing fines and costs against him in his Scott County criminal case, Judge Shayne Sexton and Thomas Barclay recused themselves from that case and Judge William B. Acree was assigned to handle the case [*Id.* at 6–7]. Petitioner then filed a motion to vacate the Scott County criminal judgment against him in January 2019 [*Id.* at 7–8].

Subsequently, in June 2019, District Attorney David Pollard contacted Petitioner and offered to ask Judge Acree to grant Petitioner's motion to waive the orders imposing fines and costs in exchange for Petitioner dismissing his motion to vacate the criminal judgment, which

---

[1] Respondent bases its argument that the petition is time barred on the entry of the initial criminal judgments against Petitioner in 2014 [Doc. 9 p. 4–5]. However, Respondent does not address the fact that the state court later entered an order that extended Petitioner's term of probation and altered the amount of his monthly payments in 2016 [Doc. 7-1 p. 80], or whether this order may have effectively entered a new sentence for Petitioner that restarted the statute of limitations for Petitioner's claims for relief under § 2254. *See Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016) (providing that "a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment"). Thus, the Court declines to address whether Petitioner's § 2254 claims are time-barred.

Petitioner rejected [*Id.* at 8].  Then on August 12, 2019, Judge Acree denied and dismissed Petitioner's motion to vacate his criminal judgment "on procedural grounds," and Petitioner filed the instant action two months later [*Id.*].

In December 2019, the Scott County Clerk told Petitioner that he expected Judge Acree to rule on Petitioner's motion regarding waiver of fines and costs in January 2020 [*Id.*].  However, Petitioner was arrested on January 5, 2020 pursuant to a warrant for violation of probation issued by Thomas Barclay and he was therefore taken to the Scott County Detention Center, where he states that he was isolated from other prisoners, denied medications, and forced to sleep on a concrete floor and nearly died [*Id.* at 5–6].

On January 7, 2020, Petitioner learned that Judge Sexton was the presiding judge and Mr. Barclay was the district attorney prosecuting the charge against him for violation of probation [*Id.* at 6].  When Petitioner learned this, he was "horrified" because they had been disqualified from taking action in his criminal case, but Petitioner nevertheless waived his right to counsel and the disqualification issues in a hearing regarding this charge while he was "[u]nder the influence of extreme emotional disturbance; unbearable pain and suffering, and [in] fear of being returned to jail" [*Id.* at 6, 9].  Mr. Barclay then demanded Petitioner pay $300 to clear his jail debts and $4,230 to satisfy his fine payments by February 3, 2020, even though both Mr. Barclay and Judge Sexton were aware that Petitioner did not have the ability to do so, and their true motivation was to pressure him into dismissing the instant action [*Id.* at 6, 9].

In his second motion to amend [Doc. 12], Petitioner seeks to amend his petition to state that he seeks to vacate and set aside his Scott County criminal judgment and sentence pursuant to Rule 60(d)(3)(1) and to add claims that Mr. Barclay and Judge Sexton interfered with his Scott County criminal case that is assigned to Judge Acree by prosecuting him for violation of probation

3

and ordering him to make payments towards his fine and costs despite their recusal/qualification from his criminal case and thereby committed fraud, acted without jurisdiction, and committed acts of treason, extortion, and interference with interstate commerce, and Petitioner therefore asks that this Court set aside this judgment [*Id.* at 2–7]. Petitioner then asserts that the Court has erroneously construed his petition to seek habeas corpus relief and states that he actually seeks relief under Rule 60(d)(3) for violations of his constitutional rights and that Mr. Barclay and Judge Sexton have committed various crimes [*Id.* at 7–9].

### B. Analysis

First, Petitioner did not include a complete proposed amended pleading with his motions to amend, as this Court's local rule requires a party to do when seeking to amend a pleading. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion"). Thus, Petitioner's motions to amend are subject to denial on this ground.

Further, even if Petitioner's proposed claims in these motions to amend were properly before the Court, the allegations therein fail to state a claim upon which relief may be granted under § 2254 and are therefore futile. Thus, these motions are subject to denial on this ground as well. *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (providing that a court should deny leave to amend a pleading if the proposed amendment would be futile).

Specifically, to the extent that Petitioner seeks to assert claims arising out of the conditions of his recent confinement in the Scott County Jail, habeas corpus relief is not available for such claims, as they "do not relate to the legality of the [his] confinement, nor do they relate to the legal

4

sufficiency of the criminal court proceedings which resulted in the incarceration" of Petitioner. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980). Such claims "fall outside of the cognizable core of habeas corpus relief," and are properly raised under 42 U.S.C. § 1983. *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Moreover, to the extent that Petitioner seeks to add claims for habeas corpus relief from a judgement against him in January 2020 to his § 2254 petition in his motions to amend, it is apparent that Petitioner has not exhausted his state court remedies for any such claims and they are therefore premature. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (providing that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" prior to seeking habeas corpus relief under § 2254); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987) (providing that the district court can and must raise the issue of whether a habeas petitioner properly exhausted his state court remedies *sua sponte* when it clearly appears that the petitioner did not present his habeas claims to the state courts).

Accordingly, Petitioner's motions to amend his complaint [Docs. 10 and 12] will be **DENIED**.

## II. EXHAUSTION

Petitioner sets forth two claims for relief in his petition. First, he alleges that his defense attorney and the prosecutor committed a tortious "fraud upon the court" that prevented Petitioner from "obtaining critical material information or [] presenting a defense" to underlying state criminal charges against him in Scott County, Tennessee, to which he pled guilty [Doc. 2 p. 1, 13–

24]. Second, Petitioner alleges that law enforcement officers and an assistant district attorney maliciously prosecuted him for these charges [*Id.* at 25–44].

However, it is apparent from the face of the petition and the state court record that Respondent filed [Doc. 7-1] that Petitioner has not exhausted his state court remedies for these claims. As such, the Court may not grant habeas corpus relief for them.

As set forth above, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at 842. Exhaustion requires a petitioner to "fairly present" federal claims to all levels of the state courts so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 842. Moreover, as set forth above, the district court can and must raise the issue of whether a § 2254 petitioner properly exhausted his state court remedies *sua sponte* when it clearly appears that the petitioner did not present his habeas claims to the state courts. *Prather*, 822 F.2d at 1422.

As the record establishes that Petitioner has not provided all levels of the Tennessee state courts a "fair opportunity" to address his claims for relief from his Scott County criminal convictions, they will be **DISMISSED without prejudice**.

### III. CERTIFICATE OF APPEALABILITY

Thus, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S.

6

Case 3:19-cv-00411-DCLC-DCP   Document 14   Filed 06/02/20   Page 6 of 7   PageID #: 397

473, 484 (2000). As reasonable jurors would not debate the Court's procedural rulings that d Petitioner has not exhausted his state court remedies for his claims for § 2254 relief, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above:

1. Petitioner's motions to amend his petition [Docs. 10 and 12] will be **DENIED**;

2. Petitioner's claims for relief under § 2254 in the petition will be **DISMISSED without prejudice** as it is apparent from his filings and the state court record that Petitioner has not exhausted his state court remedies for those claims;

3. Respondent's motion to dismiss [Doc. 8] will be **DENIED as moot**;

4. This action will be **DISMISSED**;

5. A COA will not issue; and

6. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

s/Clifton L. Corker
United States District Judge